UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELLIOTT BELL,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID DOE, WERNER ENTERPRISES, INC., and WERNER GLOBAL LOGISTICS INC.,<br><br>    Defendants. | Case No. 3:18-cv-00376 (VAB) |

**RULING ON PLAINTIFF'S MOTION TO REMAND**

Elliott Bell ("Plaintiff") has sued David Doe alleging negligence in the operation of machinery causing injury to Mr. Bell and seeks to hold Werner Global Logistics, Inc., and Werner Enterprises, Inc., (collectively, "Defendants") liable for such negligence under Conn. Gen. Stat. § 52-183.

Mr. Bell now moves for remand of this case to Connecticut Superior Court.

For the reasons that follow, the motion is **GRANTED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Mr. Bell allegedly was a forklift operator in Connecticut. Compl. ¶¶ 1, 6. Mr. Doe allegedly worked for Werner Enterprises, Inc. and had been assigned to deliver Office Depot merchandise to a warehouse ("Warehouse") where Mr. Bell allegedly worked. *Id.* at Footnote 1. Werner Global Logistics, Inc., or Werner Enterprises, Inc., both of which maintain a principle place of business in Nebraska, allegedly owned the tractor trailer. *Id.* ¶¶ 2, 10.

### A. Factual Allegations

On February 3, 2016, Mr. Doe allegedly had been operating a tractor trailer at the loading dock at the Warehouse. *Id.* ¶ 2. When Mr. Doe drove the tractor trailer forward, he allegedly caused the forklift operated by Mr. Bell to fall to the ground. *Id.* at 5. Mr. Bell allegedly suffered serious bodily injury and incurred significant medical expenses. *Id.* ¶¶ 7–8.

### B. Procedural History

Mr. Bell sued Defendants in Connecticut Superior Court, the Judicial District of Hartford at Hartford. ECF No. 1-2. Defendants removed the case to this Court under 28 U.S.C. § 1441. ECF No. 1. Plaintiff now moves to remand this case to state court.[1] ECF No. 14.

## II. STANDARD OF REVIEW

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A defendant has the burden of demonstrating that removal of a case to federal court is proper. *Calif. Pub. Emp'rs' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

---

[1] The Court notes that, in advance of Mr. Bell's motion to remand, the parties filed with the Court a stipulation stating that Mr. Bell agreed that under no circumstances would he seek a judgment in this action against Defendants for $75,000. ECF No. 12.

## III. DISCUSSION

"[T]he existence of federal subject matter jurisdiction over an action removed from state court to federal court is normally to be determined as of the time of removal." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009). Typically, the amount in controversy is established by the face of the complaint and the dollar-amount actually claimed. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002). Only where "the pleadings are inconclusive," may a court "look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).

"The party asserting federal jurisdiction must demonstrate federal subject matter jurisdiction by competent proof." *Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 (D. Conn. 1999) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). "Only where it 'appear[s] to a legal certainty that the claim is really less than the jurisdictional amount' can the court dismiss an action for lack of subject matter jurisdiction." *Fallstrom v. L.K. Comstock & Co.*, No. 3:99-cv-952 (AHN), 1999 WL 608835, at *1 (D. Conn. July 13, 1999) (quoting *Saint Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288–89 (1938)). However, "[r]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* (quoting *Leslie v. Banctec Serv. Inc.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996) (citing *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294 (1973)).

Here, there is no issue concerning diversity of citizenship, but the Complaint, in an attached "Statement of Amount in Demand," states that Mr. Bell seeks damages "in excess of

fifteen thousand dollars ($15,000.00) but less than Seventy Four Thousand, Nine Hundred Ninety Nine Dollars and Ninety Nine Cents ($74,499.99)." ECF No. 1-2 at 6. Defendants maintain that "the amount in controversy is greater than $75,000." Notice of Removal ¶ 6. The parties, however, have stipulated that the amount in controversy will not "exceed Seventy-Five Thousand Dollars ($75,000.00), including interest and costs." Stipulation to Cap on Damages, at 2, ECF No. 12.

In any event, in the absence of "competent proof," demonstrating subject matter jurisdiction, *Jones*, 76 F. Supp. 2d at 204, the Court must therefore assume that, as "the master of [his] complaint," Mr. Bell intended to have his cause heard in state court. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 387 (1987)). Given that the amount in controversy, as stated in the Complaint, is conclusive, the Court's inquiry ends here. *See Yong Qin Luo*, 625 F.3d at 775 (stating that, where "the pleadings are inconclusive," "courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy").

Out of "respect for the limited jurisdiction of the federal courts," this case therefore is remanded to Connecticut Superior Court. *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV. CONCLUSION

For all of the foregoing reasons, the motion is **GRANTED**.

The Clerk of the Court is instructed to remand this case to Connecticut Superior Court, Judicial District of Hartford at Hartford, and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of May, 2018.

                                                                      /s/ Victor A. Bolden
                                                                     VICTOR A. BOLDEN
                                                                     UNITED STATES DISTRICT JUDGE